O

JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 496116

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KENNETH BYERS,

               Plaintiff,

    v.

ASCENT CAPITAL GROUP, INC,

               Defendant.

Case No. 2:13-cv-00046-ODW (AJWx)

**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**

      The Court has received Defendant Ascent Capital Group, Inc.'s Notice of Removal. Having carefully considered the papers filed in conjunction with Defendant's Notice, the Court determines that Ascent has failed to satisfy its burden to establish federal jurisdiction. The Court must therefore remand this action to the Los Angeles Superior Court.

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, Court strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The

1 party seeking removal bears the burden of establishing federal jurisdiction. *Durham v.*
2 *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at
3 566).

4     Federal courts have original jurisdiction where an action presents a federal
5 question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.
6 To exercise diversity jurisdiction, a federal court must find complete diversity of
7 citizenship among the adverse parties, and the amount in controversy must exceed
8 $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).  For the
9 purposes of complete diversity, a natural person's citizenship is "determined by her
10 state of domicile, not her state of residence."  *Kantor v. Warner-Lambert Co.*, 265
11 F.3d 853, 857 (9th Cir. 2001).

12     Ascent's Notice of Removal alleges that, on the basis of allegations made in the
13 Complaint, "Ascebt *is informed and believes*, and on that basis alleges, that Plaintiff
14 was at the time of the filing of this Action, and still is, a citizen of the State of
15 California."  (Notice of Removal ¶ 7 (emphasis added).)  This allegation insufficient
16 to establish Kenneth Byers's citizenship on removal, as a notice of removal "alleging
17 diversity of citizenship upon information and belief is insufficient."  *Bradford v.*
18 *Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kantor*,
19 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity
20 jurisdiction should be able to allege affirmatively the actual citizenship of the relevant
21 parties.").  Thus, because Ascent has alleged Byers's citizenship on "information and
22 belief," the Notice of Removal's allegations are insufficient to establish Byers's
23 citizenship.  Ascent's allegations accordingly are insufficient to invoke this Court's
24 diversity jurisdiction.
25 / / /
26 / / /
27 / / /
28

In light of the above, the Court **REMANDS** this case to the Los Angeles County Superior Court, Case Number BC496116. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 9, 2013

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**